IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DESHAUN MEDLOCK §<br>TDCJ No. 02017061 §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>BOBBY LUMPKIN,[1] Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | W-19-CV-280-ADA |

## ORDER

Before the Court are Petitioner Deshaun Medlock's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent's Response (ECF No. 15), and Petitioner's Motion for Partial Summary Judgment (ECF No. 19). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner's federal habeas corpus petition should be denied under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner's Motion for Partial Summary Judgment is also denied.

## I. Background

In March 2013, Petitioner was charged by indictment with one count of aggravated robbery and one count of burglary of a habitation. (ECF No. 16-13 at 6-7.) In August 2013,

---

[1] The previous named respondent in this action was Lorie Davis. Bobby Lumpkin succeeded Ms. Davis as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division and is automatically substituted as a party. FED. R. CIV. P. 25(d).

1

Petitioner was re-indicted for aggravated robbery of a person 65 years of age or older. (*Id.* at 14.) In July 2015, a jury convicted Petitioner of aggravated robbery and sentenced him to sixty years imprisonment. *State v. Medlock*, No. 2013-446-C2 (54th Dist. Ct., McLennan Cnty., Tex. July 30, 2015.) (ECF No. 16-3 at 104-05.) The following is a brief summary of the factual allegations against Petitioner:

> The victim was sixty-seven years old at the time of the robbery. She is an illiterate widow who does not speak English. She lives in a trailer in a small town and works at a nursing home nearby. When her husband was alive, he would help her endorse her paychecks and cash them for her. They did not have a bank account and she carried her earnings in a black purse. She kept her purse in a suitcase under her bed. After the victim's husband died, the victim enlisted a co-worker, who happened to be [Petitioner]'s mother, to help her cash her paychecks.
>
> [Petitioner], whom the victim had known for about fifteen years, and his brother did yard work for the victim and she would pay them from her purse filled with cash. Late in the evening on November 20, 2012, the victim observed [Petitioner] pacing in the alley. His demeanor gave her pause. Shortly thereafter, he broke into her trailer and demanded to know where she kept her money. After she was severely beaten, she indicated the money was in her bedroom. Appellant found the purse in the suitcase under the bed and grabbed some cash and fled.
>
> The victim's neighbors called 911 when they heard loud noises and screams coming from the trailer and saw the lights flicker on and off. They observed a figure at the victim's window move the curtains but could not identify the figure in the dark. According to one of the neighbors, the suspect was wearing gloves, dark clothing, and a hooded sweatshirt. She saw the suspect exit the trailer and run down the alley.
>
> After the robbery, the victim stumbled outside bloodied and beaten. Her neighbor came to her assistance as police were arriving. The victim immediately identified [Petitioner] by his nickname to the responding officer as the person who had beaten and robbed her. Officers secured the crime scene and began a search for [Petitioner] at different locations.
>
> At [Petitioner]'s residence, his wife identified the van that he was driving and officers located that van at [Petitioner]'s grandmother's home where his

> aunt, Billie Hancox, also resided with [Petitioner]'s cousin, Edward Hancox. When officers arrived, they were met by hostile occupants, including Edward, who claimed that [Petitioner] was not there. For safety reasons, the occupants were handcuffed and detained outside the residence. Billie, who had been asleep, was awakened by the commotion. She was cooperative and gave officers consent to have the home searched. [Petitioner] was found pretending to be asleep in one of the bedrooms. He was arrested and placed in a patrol car. Officers then received consent to search the house for evidence. They recovered articles of clothing that matched the description from the victim and her neighbors and also found $7,500 under the mattress where [Petitioner] had been laying.
>
> Months after [Petitioner]'s arrest, Edward Hancox went to police and gave a statement indicating he was the one who had robbed and beaten the victim. Hancox's statement was found to be unreliable and the case proceeded against [Petitioner].

*Medlock v. State*, No. 07-15-00359-CR, 2017 WL 3197917, at *1-2 (Tex. App.—Amarillo, July 27, 2017, pet. ref'd.) Petitioner's conviction was affirmed on appeal. *Id.* On January 31, 2018, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's Petition for Discretionary Review (PDR). *Medlock v. State*, No. PD-1180-17 (Tex. Crim. App. Jan. 31, 2018). Petitioner did not file a writ of certiorari in the United States Supreme Court. (ECF No. 1 at 3.)

On April 26, 2019, Petitioner filed a pro se state habeas corpus application, listing the following six grounds of relief:

1. Petitioner is actually innocent of the crime based on newly-discovered evidence;

2. Trial counsel provided ineffective assistance by failing to move to dismiss the case with a supporting affidavit from Edward Hancox;

3. Trial counsel provided ineffective assistance by failing to adequately investigate Hancox's confession to committing the crime;

4. Trial counsel provided ineffective assistance when he violated Petitioner's Sixth Amendment rights by failing to confront Edward Hancox at trial;

5. Trial counsel provided ineffective assistance when he failed to call Edward Hancox to testify at trial; and

6. Trial counsel provided ineffective assistance by failing to object to the State's improper jury argument at the close of trial.

(ECF No. 17-15 at 21-41.)

On April 30, 2019, and after reviewing Petitioner's writ application, the State's response, and the habeas record, the state habeas court—which was also the trial court—filed Findings of Fact and Conclusions of Law recommending the TCCA deny all grounds for relief in Petitioner's application. (ECF No. 17-16 at 71-76.) On July 15, 2020, the TCCA denied Petitioner's application without written order on the findings of the trial court without hearing and on the court's independent review of the record. *Ex parte Medlock*, No. WR-88,962-03. (ECF No. 17-14.)

On April 29, 2019, Petitioner filed the instant federal habeas petition and was granted a stay on the petition until there was a final decision on his pending state habeas application. (ECF Nos. 1, 5-6.) The stay was lifted on August 10, 2020 (ECF No. 10) and Petitioner filed a brief in support of his habeas application, raising the same claims that were raised and rejected in his state habeas application. Petitioner additionally claims the state court unreasonably concluded that the evidence was legally sufficient to sustain the conviction. (ECF No. 1.) On October 10, 2020, Respondent filed their response. (ECF No. 15.) On November 30, 2020, Petitioner objected to Respondent's response and moved for partial summary judgment on his claim that his trial counsel provided ineffective assistance by failing to confront Hancox. (ECF No. 19.)

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by AEDPA. *See* 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard stops just short of imposing a complete bar on federal court re-litigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Richter*, 562 U.S. at 102. A petitioner must show that the state court's decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

court's decision." *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). As a result, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Burt v. Titlow*, 571 U.S. 12, 20 (2013)).

### III. Analysis

1. Actual Innocence (Claim 1)

In Petitioner's first claim, he argues the state habeas court erred when it concluded his actual innocence claim based on newly discovered evidence was without merit. Respondent argues Petitioner's claim is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.") Petitioner concedes this point in his Objections to Respondent's Response. (ECF No. 19 at 2.) Accordingly, this claim is dismissed.

2. Ineffective Assistance of Counsel (Claims 2-6)

In Claims 2-6, Petitioner alleges his trial attorney provided ineffective assistance of counsel based on counsel's failure to: (1) seek dismissal of the charges due to Hancox's confession; (2) investigate Hancox's confession; (3) compel Hancox to testify despite

6

Hancox invoking his Fifth Amendment rights; (4) call Hancox to testify on Petitioner's behalf; and (5) object to the State's improper jury argument.

The Sixth Amendment to the United States Constitution guarantees citizens the assistance of counsel in defending against criminal prosecutions. U.S. CONST. amend VI. Sixth Amendment claims based on ineffective assistance of counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. *Id.* at 687-88, 690. The Supreme Court has emphasized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt*, 571 U.S. at 22 (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112 (citing *Strickland*, 466 U.S. at 693). A habeas

petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Ineffective assistance of counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standard," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101.

   a. *Failure to move to dismiss the case based on Hancox's affidavit*

Petitioner claims his trial counsel provided ineffective assistance when counsel failed to file a motion to dismiss the indictment based on Edward Hancox's pretrial statement confessing to the robbery. (ECF No. 1 at 6.) Petitioner presented this claim to the state habeas court—which was also the trial court—and it made the following findings:

> 2. The record and the Court's own recollection reflect that at the time of trial, it was known to the Court and the parties that Edward Hancox had made statements and executed affidavits claiming to have committed the charged offense of Aggravated Robbery.
>
> . . . .
>
> 10. Applicant's second ground for relief alleges that trial counsel was ineffective in failing to move for dismissal of the indictment on the basis of one of Hancox'[s] previous affidavits. There is no legal mechanism for doing this, as dismissal of an indictment may be had only by the State. In its

> response, the State suggests that this ground may be interpreted as a complaint that trial counsel failed to move for a directed verdict. As previously noted, the State presented sufficient evidence for the jury to deliberate and return a verdict; the mere existence of Hancox'[s] affidavit would not have merited a directed verdict. As such, a motion for directed verdict would have been forlorn, and trial counsel's performance was not deficient for failing to make such a motion. Applicant's second ground for relief is without merit and should be denied.

(ECF No. 17-16 at 72, 74.)

In his objections to the State's Response, Petitioner argues the habeas court misconstrued his argument by suggesting Petitioner was complaining trial counsel failed to move for a directed verdict and therefore the state habeas court's findings of facts should not be entitled to deference. (ECF No. 19 at 5-8.)

To prevail on this claim, Petitioner must show that he was prejudiced at trial. Petitioner has failed to show how he was prejudiced by counsel's failure to file a motion to quash or set aside the indictment. *See Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) ("petitioner must 'affirmatively prove,' not just allege, prejudice. . . . If the petitioner fails to prove the prejudice component, the court need not address the question of counsel's performance") (citing *Strickland*, 466 U.S. at 693, 697). Petitioner seems to assume that, based on Hancox's affidavit confessing to the robbery, a motion to quash the indictment would have been granted. However, under Texas law, "though a defendant may move to quash an indictment based on defects contained on the face of the indictment, the indictment cannot be defeated by evidence presented at a pretrial hearing." *State v. Martinez*, 548 S.W.3d 751, 756 (Tex. App.—Corpus Christi 2018) (a trial court cannot quash an indictment on grounds the State's evidence is insufficient).

9

Petitioner does not allege the indictment had any facial defects, and therefore has not shown that the trial court—which again, was the same court as the state habeas court—would have granted a motion to quash. *See also Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014) (presumption of correctness afforded to state habeas court's determination of a factual issue is especially strong when state habeas court and trial court are one in the same) (citations omitted). Accordingly, the habeas court was not unreasonable in its application of *Strickland* to this claim and it is denied.

### b. *Failure to investigate Hancox's confession*

In Petitioner's second claim, he argues that his trial counsel provided ineffective assistance when he failed to adequately investigate Hancox's confession. Specifically, Petitioner argues that Hancox's affidavit had "some inconsistencies" which would have been cleared up had counsel performed a reasonable investigation. The state habeas court made the following findings regarding this claim:

> 3. The record and the Court's own recollection reflect that the defensive theory presented at trial was that Edward Hancox, rather than Applicant, had been the perpetrator of the charged offense. The record and the Court's own recollection further reflect that the State properly presented evidence to rebut this defensive theory.
>
> 4. The record and the Court's own recollection clearly reflect that Applicant's counsel was fully aware of the facts and circumstances surrounding Edward Hancox'[s] claims of criminal responsibility, as well as the facts, circumstances and evidence which refuted such claims. The record and the Court's own recollection reflect that defense counsel was able to effectively and comprehensively present this defensive theory and its underlying factual and evidentiary bases at trial. Defense counsel's familiarity with these matters could not have been achieved by any means other than by a full and comprehensive investigation.
>
> . . . .

10

> 11. As previously noted in Paragraph 4, above, the record and the Court's own recollection reflect that trial counsel was fully knowledgeable, prepared and effective in regard to the facts and circumstances relevant to Hancox'[s] claim to be the actual perpetrator of the offense. Accordingly, Applicant has failed to allege facts sufficient to show that trial counsel was deficient in investigating these matters. Applicant's third ground for relief is without merit and should be denied.

(ECF No. 17-16 at 72, 74.)

*Strickland* requires counsel to undertake a reasonable investigation. 466 U.S. at 690-91; *Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013). Counsel must, at minimum, interview potential witnesses and make an independent investigation of the facts and circumstances of the case. *Kately v. Cain*, 704 F.3d 356, 361 (5th Cir. 2013). In assessing the reasonableness of counsel's investigation, a heavy measure of deference is applied to counsel's judgments and is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. Further, a petitioner cannot "simply allege but must affirmatively prove prejudice" under *Strickland* when complaining of counsel's failure to investigate. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). A petitioner alleging that an investigation is deficient must show what the investigation would have uncovered and how the petitioner's defense would have benefited from this information. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

Petitioner argues that had his trial counsel conducted an adequate investigation, counsel would have been able to rehabilitate the inconsistencies in Hancox's pre-trial confessions. The state habeas court, however, concluded that "the record and the Court's own recollection reflect that trial counsel was fully knowledgeable, prepared and effective

in regard to the facts and circumstances relevant to Hancox'[s] claim to be the actual perpetrator of the offense." Petitioner's conclusory allegations to the contrary are insufficient to overcome this Court's "doubly-deferential" review of ineffective assistance claims under the AEDPA. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (a petitioner is not entitled to relief on the basis of conclusory allegations). As a result, the state habeas court's application of *Strickland* was not unreasonable, and these claims are denied.

### c. *Failure to confront Hancox and compel Hancox to testify*

In Petitioner's fourth and fifth claims, he argues that his trial counsel provided ineffective assistance when counsel failed to uphold Petitioner's Sixth Amendment right to confront Hancox and failed to compel Hancox to testify on Petitioner's behalf. Specifically, Petitioner argues that Hancox's pre-trial affidavits confessing to the robbery waived Hancox's Fifth Amendment right against self-incrimination. As a result, Petitioner's asserts his trial counsel provided ineffective assistance when counsel failed to confront Hancox on the witness stand and failed to compel Hancox to testify before the jury.

On the second day of the trial, and outside the presence of the jury, Petitioner's counsel called Hancox to the testify. The prosecutor informed defense counsel and the trial court that Hancox was going to invoke his Fifth Amendment rights. After Petitioner's counsel called Hancox to the stand, the following exchange ensued between them:

Q. Mr. Hancox, please state your full name for the record.

A. Edward Hancox.

12

Q. Mr. Hancox, I want to ask you some questions about the night back in November 20th of 2012. Where were you that evening?

A. I want to invoke my Fifth Amendment right to remain silent.

Q. Are you refusing to answer all questions in reference to that evening?

A. My Fifth Amendment is to remain silent.

Q. And you will not answer any questions?

A. My Fifth Amendment to main -- to remain silent.

Q. And you know Mr. Medlock is –

PROSECUTOR: I'm going to object at this point. He's made it clear that he doesn't want to testify.

A. My --

THE COURT: I'm going to let him -- he can -- he can ask all of the questions he wants and then the Defendant can decide to respond or invoke his Fifth.

A. My Fifth Amendment.

Q. ([defense counsel]) I'm going to rephrase the question. Okay. Deshaun Medlock is facing an Aggravated Robbery charge. Are you willing to testify in reference to the events of November 20th knowing he's facing an Aggravated Robbery charge?

A. I remain my Fifth Amendment rights to stay silent.

Q. Have you given a statement before to the police indicating that you did the Aggravated Robbery?

A. Again, I remain to stay silent with my Fifth Amendment.

Q. Are you willing to testify in front of the jury?

A. I remain to stay silent with my Fifth Amendment.

Q: I'll pass the witness, Your Honor.

(ECF No. 16-7 at 8-9.) Afterward, the trial court granted counsel's motion in limine that the State not make any reference or argument regarding the defense's "failure" to subpoena Hancox or call him to the witness stand. (*Id.* at 10.)

Regarding both these ineffective-assistance claims, the state habeas court made the following findings:

> 5. The record and the Court's own recollection reflect that the State called Edward Hancox to testify. The record and the Court's own recollection further reflect that Edward Hancox exercised his 5th amendment right not to testify. The record and the Court's own recollection further show that Hancox had made previous statements claiming to be the person who had committed the criminal offense. At the time Hancox invoked his constitutional right against self-incrimination, it was clear from matters previously admitted that such invocation was warranted.
>
> . . . .
>
> 12. As previously note in Paragraph 5, above, Edward Hancox was called to testify, whereupon he properly invoked his 5th amendment right against compelled self-incrimination. As the entire defensive theory was that Hancox had actually committed the offense, a challenge to Hancox'[s] invocation would have been contrary to the defensive theory. Also, under the circumstances of the trial, a challenge to Hancox'[s] invocation would have been forlorn. Applicant's alternative assertion that trial counsel should have called Hancox to testify as a defense witness is subject to a like analysis, with the same result. Accordingly, defense counsel's decision not [to] challenge the invocation of the 5th amendment, or to call Hancox directly, did not reflect deficient performance but rather was the exercise of an effective trial strategy. Accordingly, Applicant's fourth and fifth grounds for relief are without merit and should be denied.

(ECF No. 17-16 at 73, 74-75.)

Petitioner argues in his federal petition that the state habeas court's findings are an unreasonable application of the law. Yet, based on the record of the trial, Petitioner's counsel did exactly what Petitioner wanted counsel to do, i.e. call Hancox to the witness

14

stand and attempt to compel Hancox's testimony. The Court interprets Petitioner's argument that Hancox had effectively waived his Fifth Amendment rights by signing his pre-trial affidavits, and thus it was error to allow Hancox to invoke his Fifth Amendment rights. However, even if there was deficient performance by Petitioner's trial counsel in failing to challenge Hancox's Fifth Amendment rights, Petitioner has nonetheless failed to show prejudice: as the state habeas court noted, if Hancox had testified and not invoked his Fifth Amendment rights, this would have undermined Petitioner's defense that it was Hancox who committed the crime. As a result, the state court's application of *Strickland* was not unreasonable, and this claim is denied. Further, Petitioner's motion for partial summary judgment on his claim that defense counsel failed to confront Hancox is also denied. (ECF No. 19 at 20-23.)

   d. *Failure to object to the State's improper jury argument*

In Petitioner's final claim based on ineffective assistance of counsel, he argues his trial counsel provided ineffective assistance when he failed to continually object to the State's improper jury argument that the evidence showed Petitioner and Hancox plotted the crime together and were accomplices.

Petitioner points to the following part of the State's closing argument:

[PROSECUTOR]: A guilty verdict against [Petitioner] today doesn't say that Edward Hancox is completely innocent. Edward knew what was going to go on. He did. They staged this at Edward's house where he lives.

[DEFENSE COUNSEL]: Objection, Your Honor. There's no evidence that supports that.

THE COURT: Sustained.

15

> [PROSECUTOR]: A reasonable deduction from the evidence is they began at the house where they ended up. That's where the car is parked. . . .

(ECF No. 16-7 at 159.) Petitioner argues defense counsel provided ineffective assistance when the Prosecutor continued to argue Petitioner and Hancox were accomplices, despite the trial court sustaining counsel's objection.

The state habeas court made the following findings:

> 13. In his sixth ground for relief, Applicant complains that his trial counsel failed to preserve the record for appeal by failing to object to supposedly improper closing argument by the State. In support of this ground, Applicant points to a sustained objection to the State's argument, "They staged this at Edward's house where he lived." The basis of the sustained objection was that the comment was not supported by the evidence. Applicant complains that the State continued to make improper argument, that his trial counsel should have objected to. He infers that the basis for objection would likewise have been that the State's argument was not supported by the evidence. The Court's review of the record and its own recollection reflect that from the point of the sustained objection, State's counsel couched his argument as reasonable deductions from the properly admitted evidence. It thus it appears that no objectionable commentary ensued. But nowhere in his Application or supporting memorandum does Applicant specify which particular comments by the State were objectionable, or the basis for any objection. Accordingly, Applicant has failed to recite specific facts sufficient to determine the asserted ground for relief. Applicant's failure to do so precludes consideration of the alleged ground, pursuant to Rule of Appellate Procedure 73.1(c). Applicant's sixth ground for relief is without merit and should be denied.

(ECF No. 17-16 at 75.)

Trial counsel has broad discretion when it comes to deciding how best to proceed strategically. *See Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (the Supreme Court has emphasized that counsel has "wide latitude in deciding how best to represent a client"); *Clark v. Thaler*, 673 F.3d 410, 427 (5th Cir. 2012) (recognizing the broad deference to which counsel is entitled in making tactical decisions in closing argument)

16

(citation omitted). Decisions to object or not object during closing argument are matters of trial strategy that are presumed reasonable under *Strickland*. *Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992). Further, under Texas state law, proper jury argument includes "reasonable deduction from the evidence." *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). Here, the state habeas court concluded the prosecutor couched the remainder of his closing arguments as a reasonable deduction from the evidence, and that Petitioner failed to show what specific comments were objectionable. Before this Court, Petitioner restates the same arguments he made before the state habeas court. Accordingly, based on the presumption that counsel's trial strategy was reasonable, and the deference accorded to the state habeas court's decisions under the AEDPA, this claim is denied.

### 3. Sufficiency of the Evidence (Claim 7)

In his final claim, Petitioner argues he is entitled to federal habeas relief because the evidence presented at his criminal trial was legally insufficient to support his conviction. Specifically, Petitioner argues the jury was permitted to speculate about his involvement in the robbery despite the possibility that the victim may have misidentified him and Hancox's affidavits confessing to the crime.

Petitioner advanced this same argument in his direct appeal. In denying his claim, the appellate court noted the victim testified she had known Petitioner for fifteen years; she had never met Hancox; and she immediately identified Petitioner to the police after they responded to the scene of the crime. The appellate court also noted there were "critical inconsistencies" between Hancox's confession and the robbery and that Hancox

had recanted his confession prior to trial and claimed an unknown third party committed the crime. *See Medlock*, 2017 WL 3197917, at *3. In his federal petition, Petitioner argues the appellate court's determination was not based on "thoughtful review"; the victim's account of the crime is flawed; and there was physical evidence along with the affidavits that inculpated Hancox. (ECF No. 19 at 19-20.)

The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Leahy*, 82 F.3d 624, 633 (5th Cir. 1996). In addition, the AEDPA imposes a "twice-deferential standard" when a federal court reviews a state prisoner's claim challenging the sufficiency of the evidence. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). As the Supreme Court explained:

> The opinion of the Court in *Jackson v. Virginia* . . . makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam) (citations omitted).

Upon independent review of the record, the Court concludes that the evidence presented at trial supports the conviction: the victim identified Petitioner as her assailant immediately after the robbery; Hancox's affidavits were inconsistent with the crime; and Hancox recanted his confession prior to trial. Accordingly, the state habeas court's denial of this claim was not objectively unreasonable and this claim is denied.

### IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and his Motion for Partial Summary Judgment (ECF No. 19) are **DENIED**; and

It is **FURTHER ORDERED** that no certificate of appealability shall issue in this case.

**SIGNED** on March 26, 2021

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE